UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Bricklayers and Allied Craftworkers Service Corporation, a Minnesota nonprofit corporation, | File No. 21-cv-1257 (ECT/BRT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| West River Masonry, Inc., a South Dakota Business Corporation, | |
| Defendant. | |

_____

Thomas C. Atmore, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Minneapolis, MN, for Plaintiff Bricklayers and Allied Craftworkers Service Corporation.

_____

Plaintiff Bricklayers and Allied Craftworkers Service Corporation seeks entry of a default judgment against Defendant West River Masonry, Inc. ECF No. 8. Bricklayers alleges that West River breached the terms of two collective bargaining agreements and violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, by failing to submit monthly reports of work performed by its employees and to pay required fringe benefit contributions. The judgment Bricklayers seeks would require West River to submit the missing reports and would award a money judgment in a full amount to be determined later. Bricklayers' motion will be granted in part.[1]

---

[1] The Clerk properly entered West River's default. ECF No. 7. The summons and complaint were served on West River on May 25, 2021, and it has not responded or otherwise appeared. ECF No. 4. Plaintiff also has served the motion for default judgment

The basic process for determining whether a default judgment should be entered is straightforward. Entry of default means that the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Mary K. Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. Apr. 2021 Update) (footnotes omitted). Thus, it must first be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount and other terms of the default judgment must be determined. But "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (internal quotation marks omitted).

Start with the factual allegations in the complaint, which are accepted as true. Bricklayers is a nonprofit corporation that operates as a "servicing and collection agent for certain tax-exempt entities" known collectively as the "BAC Funds." Compl. ¶ 2 [ECF No. 1]. The BAC Funds are multi-employer fringe benefit plans "established to provide pension, health, vacation, training and other benefits" to union workers in accordance with Section 302(c)(5) of the Labor Management Relations Act and the Employee Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 3–5; Atmore Aff. ¶ 5 [ECF No. 11]. West River

---

and supporting papers on West River. ECF Nos. 14, 15-2. A hearing on the motion was held on August 16, 2021. West River did not appear or otherwise respond.

is a South Dakota corporation that employs individuals working in the construction industry.  Compl. ¶¶ 6, 9, 11.

West River has entered labor agreements requiring payment of fringe benefit contributions for its employees.  *Id.* ¶¶ 6, 9–11.  Specifically, it is bound by two versions of the *Bricklayers and Allied Craftworkers Local Union 1 Minnesota/North Dakota/South Dakota Collective Bargaining Agreement – Rapid City, South Dakota and Surrounding Areas* ("the CBAs").  *Id.* ¶ 9; *see* Atmore Aff., Exs. B, C [ECF No. 11-1 at 10–39].  The first CBA had a term of May 1, 2020 through April 30, 2021, and the second has a term of May 1, 2021 through April 30, 2022.  Compl. ¶ 9.  The 2021 CBA "automatically continues yearly" unless either party opts out.  *Id.* ¶ 10.  Under the CBAs and the BAC Funds' Collection Policy,[2] West River must submit monthly reports to the BAC Funds documenting the number of hours worked by its employees and "pay employer contributions for each hour of" such work.  *Id.* ¶ 13.  Employers who do not submit timely reports or make timely contributions are "delinquent."  Atmore Aff. ¶ 12.  Delinquent employers must pay liquidated damages equal to 10% of the contributions owed and interest at a rate of 8% per annum beginning thirty days after payment is due, as well as reasonable attorneys' fees and costs associated with collection.  *Id.* ¶ 18; Atmore Aff. ¶¶ 12, 14, Ex. A at 2, 9 [ECF No. 11-1 at 1–9].

---

[2]  The CBAs do not seem to explicitly reference the Collection Policy, but Bricklayers' counsel indicates that the Collection Policy is an ERISA "plan document" and that each employer who is bound by the CBAs "is provided with a copy of the Collection Policy."  Atmore Aff. ¶¶ 6–7.  Without a response from West River, there is no reason to question these assertions.

Bricklayers alleges that West River has breached its obligations under the CBAs and Section 515 of ERISA by failing to submit monthly hour reports and fringe benefit contributions for the periods from October 2020 through December 2020 and March 2021 through May 2021. Compl. ¶ 16(a); Suppl. Atmore Decl. ¶ 4 [ECF No. 15]. Because the amount of contributions owed depends on the number of hours worked and reported, Bricklayers does not allege how much money West River owes. *See* Pl.'s Mem. in Supp. at 13 [ECF No. 10].[3]

These taken-as-true allegations establish that West River has breached at least its reporting obligations under the CBA and ERISA. West River is an employer under ERISA. *See* Compl. ¶¶ 6, 9, 11; 29 U.S.C. § 1002(5) (defining employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan"). ERISA requires West River to fulfill its contribution obligations to multiemployer plans "under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145. West River agreed to be bound by the terms of the CBAs. The CBAs and the Collection Policy require West River to submit monthly reports of hours worked. Bricklayers alleges that West River has not submitted monthly

---

[3] In the complaint, Bricklayers also alleged that West River failed to pay liquidated damages that it owed for submitting untimely reports for January and February 2021. Compl. ¶ 16(b)–(c). Bricklayers' counsel has since submitted a declaration indicating that it has "received payment from [West River] for the base fringe benefit contributions and liquidated damages due and owing for January 2021 hours and February 2021 hours." Suppl. Atmore Decl. ¶ 3. Those alleged delinquencies have accordingly been cured and are no longer at issue.

reports. Thus, Bricklayers' taken-as-true allegations constitute a legitimate cause of action under ERISA and the CBAs.

The final step is determining whether Bricklayers is entitled to the relief it seeks. Bricklayers proposes a default judgment that would do three main things. First, it would compel West River to submit the missing monthly reports. Proposed Order at 8–9 [ECF No. 16]. Second, it would award Bricklayers "the unpaid fringe benefits shown to be due and owing on" those reports and would allow Bricklayers to seek an amended judgment by filing and serving an affidavit setting forth the specific amount of any unpaid contributions, liquidated damages, interest, fees, and costs. *Id.* at 9. Third, it would award Bricklayers $8,973.50 in attorneys' fees and costs incurred to date, as well as additional fees and costs incurred going forward. *Id.*

ERISA provides for injunctive relief to enjoin or redress an act or practice that violates the terms of ERISA or a plan governed by it. 29 U.S.C. § 1132(a)(3). A court may also order "other legal or equitable relief." *Id.* § 1132(g)(2)(E). "Injunctive relief requiring a defendant to produce specific records . . . as [Bricklayers] seek[s] here, is consistent with ERISA." *Raines v. Phoenix Corp.*, No. 19-cv-2552 (WMW/KMM), 2020 WL 814189, at *2 (D. Minn. Feb. 19, 2020) (collecting cases). Because Bricklayers cannot effectively determine West River's liability for unpaid contributions without knowing the amount of work performed, it is appropriate to order West River to submit the missing monthly reports identified in the complaint and motion papers.

The remainder of Bricklayers' requested relief will not be granted at this time, nor will a default judgment be entered. "[A] default judgment cannot be entered until the

amount of damages has been ascertained." *Hagen*, 205 F.3d at 1042 (citation omitted). As Bricklayers acknowledges in its brief, the calculation of the total amount of contributions, statutory damages, liquidated damages, and interest due "must await the submission of the missing [r]eports." Pl.'s Mem. in Supp. at 13. And while Bricklayers has provided the total amount of fees and costs it has incurred to date, *see* Suppl. Atmore Decl. ¶ 7, it will no doubt incur more going forward. The total amount for which West River is liable therefore cannot yet be ascertained, and it would be premature to enter a default judgment. *See Phoenix Corp.*, 2020 WL 814189, at *2–3; *accord Raines v. Steel Rock Com., LLC*, No. 20-cv-2124 (ECT/KMM), 2020 WL 8256372, at *2–3 (D. Minn. Dec. 21, 2020).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT** Plaintiff's Motion for Entry of Default Judgment [ECF No. 8] is **GRANTED IN PART** as follows:

1. Plaintiff's request for injunctive relief is **GRANTED**.
2. Within fourteen (14) days of being served with a copy of this Order, Defendant must submit to Plaintiff complete and accurate monthly fringe benefit report forms for work performed in the months of October 2020 through December 2020 and March 2021 through May 2021.

3. The amount Defendant owes in delinquent contributions, liquidated damages, interest, and reasonable attorneys' fees and costs will be determined as follows:

    a. Upon receiving the missing monthly reports from Defendant, Plaintiff may file and serve a motion seeking entry of default judgment for any unpaid contributions, liquidated damages, and interest, as well as reasonable attorneys' fees and costs.

    b. Defendant may then file and serve a response within ten (10) days of being served with Plaintiffs' motion.

    c. The court will examine the Parties' submissions and issue an order of judgment. No hearing will be held unless ordered otherwise.

Dated: August 16, 2021                  s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court